IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARTIN E. HUGHES, )
 )
    Plaintiff, )
 )
VS. ) No. 15-1306-JDT-cgc
 )
TENNESSEE DEPARTMENT OF )
CORRECTION, ET AL., )
 )
    Defendants. )

ORDER DENYING MOTION TO RECONSIDER

This case was filed pursuant to 42 U.S.C. § 1983 by the *pro se* prisoner Plaintiff, Martin E. Hughes. (ECF No. 1.) On March 13, 2017, the Court issued an order dismissing the case for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 16.) Judgment was entered on March 14, 2017. (ECF No. 17.) On April 19, 2017, Plaintiff filed a motion for reconsideration in which he seeks to amend his complaint to assert supplemental claims of retaliation. (ECF No. 18.) The Court construes the motion to reconsider as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

In his motion to reconsider, Plaintiff does not argue that the dismissal of this case was erroneous. Instead, he wants to re-open the case so that he can amend the complaint to add new retaliation claims based on events occurring after the case was filed but before it was dismissed.[1] Plaintiff did file two amendments to his complaint before it was dismissed,

---

[1] Plaintiff also sent the Clerk a letter, received and docketed on April 21, 2017, in which he complains of events that occurred at the Turney Center Industrial Complex (TCIX) in Only, Tennessee. (ECF No. 19.) The proper venue for those claims is the Columbia Division of the U.S. District Court for the Middle District of Tennessee, where the TCIX is located.

which the Court addressed in the screening order, but he never actually sought to file a third amendment raising the claims in question despite acknowledging the need to do so.[2]

A belated desire to amend the complaint to assert additional claims does not suffice to meet Plaintiff's burden of establishing that he is entitled to relief from the judgment under either Rule 59(e) or 60(b). Therefore, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff previously sent another letter to the Clerk, which was received and docketed on October 31, 2016, stating that he was going to ask for permission to amend "either after screening, or on the acting Judge's order." (ECF No. 13 at 1.) However, because such cases are often completely dismissed on screening, it is not prudent for a prisoner plaintiff to wait until after the screening order is issued to move for leave to amend. Doing so may, as it has in this case, result in the plaintiff losing the ability to amend.